The Atlantic and Gulf Railroad Company *vs.* The State of Georgia.

THE ATLANTIC AND GULF RAILROAD COMPANY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The act of 28th of February, 1874, taxing the Atlantic and Gulf Railroad Company an amount exceeding one-half of one per cent. upon its annual net income, is not unconstitutional, as impairing the obligations of the contract embraced in its charter.

BLECKLEY, Judge, concurring.

1. Whatever power legislative bodies may have in other states of the union, to part with or limit the essential prerogatives of sovereignty, no such power exists, or ever has existed, in the general assembly of Georgia. Consequently, all exemptions from the common burdens of taxation hitherto granted by the statute to corporations or others, ought to be construed as privileges only, and as revocable at the will of the legislature.

2. If, in any case, the state has received into the public treasury, directly from the grantees, a valuable consideration for the grant of exemption, upon afterwards withdrawing the privilege before the time has expired for which it was granted, an equitable proportion of the consideration ought, as a matter of common justice and public virtue, to be refunded; but the duty to refund is in the nature of a mere debt for money had and received, and the good faith of the state must be trusted to provide for its payment. Payment is not a condition precedent to resuming the exercise of the taxing power unimpaired in its original extent and vigor. The taxing power cannot be lost or abridged either by contract or estoppel.

Constitutional law. Tax. Corporations. Charter. Laws. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

Reported in the opinion.

LOVELL & FALLIGANT; HARTRIDGE & CHISHOLM, for plaintiff in error.

R. TOOMBS; N. J. HAMMOND, attorney general, for the state.

WARNER, Chief Justice.

This case came before the court below on an affidavit of illegality filed by the defendant to a tax execution issued by the comptroller general of the state, which had been levied on the defendant's property. The tax execution was

issued in pursuance of an act of the general assembly of this state, approved on the 28th day of February, 1874, entitled " An- act to amend the tax laws of this state, so far as the same relate to railroad companies, and to define the liabilities of such companies to taxation, and to repeal so much of the charters of such companies respectively as may conflict with the provisions of this act." The defendant insisted in its affidavit of illegality, that neither by the terms of the original charters granted by the general assembly to the Savannah and Albany Railroad Company in 1847, and to the Atlantic and Gulf Railroad Company in 1856, nor by the act of the 18th of April, 1863, consolidating the aforesaid two companies, was it liable to be taxed higher than one-half of one per cent. on its annual net income, and that the act of the 28th of February, 1874, in so far as it authorized the levy and collection of a higher tax on the property of defendant than one-half of one per cent. on its annual net income, was in violation of the 10th section of the 1st article of the constitution of the United States, and therefore void. The court overruled the defendant's affidavit of illegality, and the defendant excepted.

The main questions made by the record in this case were involved and decided by this court in the case of *The Central Railroad and Banking Company* and *The Southwestern Railroad Company vs. The State,* 54th *Georgia Reports,* 401, and are controlled by it.

Let the judgment of the court below be affirmed.

BLECKLEY, Judge, concurred on special grounds, as stated in the above head-notes, but furnished no written opinion.